IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

(Baltimore Division)

| | |
|---|---|
| In re | Bankruptcy Case No.: |
| Demetria T. McFadden, | 13-10245- RAG |
|    Debtor | Chapter 7 |
| | |
| Judy A. Robbins<br>United States Trustee<br> for Region Four | Adversary Proceeding No: |
|    Plaintiff | |
| v. | |
| Arlita L. LeSesne<br>a/k/a Arlita Albritton<br>a/k/a Arlita Boston<br>PO Box 334<br>809 Angel Valley Court<br>Edgewood, MD  21040 | |
| James J. LeSesne<br>PO Box 334<br>809 Angel Valley Court<br>Edgewood, MD  21040 | |
| and | |
| Nas'cence Paralegal Service, LLC<br>Serve:  Arlita LeSesne<br>Resident Agent<br>1817 Oxford Square<br>Bel Air, MD  21015 | |
|    Defendants | |

COMPLAINT FOR DISGORGEMENT
OF COMPENSATION, FINES AND INJUNCTION

Judy A. Robbins, the United States Trustee for Region Four, which includes the District of Maryland, pursuant to Section 110 of the United States Bankruptcy Code and Rules 7001(1) and 7065 of the Federal Rules of Bankruptcy Procedure, files this Complaint for Fines, Disgorgement of Compensation and Injunction, against Arlita Lesesne, a/k/a Arlita Albritton and aka Arlita Boston, James J. Lesesne and Nas'cence Paralegal Service, LLC and in support thereof respectfully represents as follows:

JURISDITION, VENUE AND STANDING

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 157(a) and 1334 and 11 U.S.C. § 110.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) and 11 U.S.C. § 110(j)(1).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

4. The United States Trustee has standing to be heard in this proceeding pursuant to 11 U.S.C. §§ 110 and 307.

THE PARTIES

5. Judy A. Robbins is the United States Trustee for Region Four, duly appointed as such under 28 U.S.C. § 581(a)(4).

6. Demetria McFadden ("Ms. McFadden") is the debtor in this case.

7. Arlita Lesesne ("Ms. Lesesne") is an individual doing business in Maryland as a bankruptcy petition preparer who is also known to the plaintiff in this matter as Arlita Albritton and Arlita Boston.[1]

8. For a fee, Ms. Lesesne regularly prepares bankruptcy petitions and related documents for filing in the United States Bankruptcy Court.

9. Ms. Lesesne currently conducts her bankruptcy petition preparation business through Nas'cence Paralegal Service, LLC.

10. Nas'cence Paralegal Service, LLC is a Maryland Limited Liability Corporation organized by Ms. Lesesne on or about November 8, 2012.

11. Prior to November, 2012, Ms. Lesesne used Nas'cence Paralegal Service as a trade name, which trade name she registered with the department of assessments and taxation on or about February 17, 2012.

12. Prior to trading as Nas'cence Paralegal Service, Ms. Lesesne acted as a bankruptcy petition preparer under her own name(s), under the name jayla paralegal service and under a variety of other trade names.

13. On information and belief, subject to further discovery, Ms. Lesesne is the only member of Nas'cence Paralegal Service, LLC.

14. On information and belief, subject to further discovery, and at all times relevant herein, Ms. Lesesne acted as an agent of Nas'cence Paralegal Service, LLC.

15. James J. LeSesne is an individual who at all times relevant herein acted as an agent of Nas'cence Paralegal Service, LLC, Ms. LeSesne or Ms. LeSesne trading as Nas'cence Paralegal Service.

---

[1] Ms. Lesesne may have a great many other aliases. Attached hereto and incorporated herein as Exhibit A is a list of aliases provided to the Plaintiff by law enforcement several years ago.

16. Neither Mr. LeSesne nor Ms. Lesesne is an attorney authorized or licensed to practice law in the State of Maryland.

17. Neither Mr. LeSesne nor Ms. Lesesne was, at any time relevant to this complaint, employed by or subject to oversight by an attorney authorized or licensed to practice law in the State of Maryland.

## FACTS COMMON TO ALL COUNTS

18. As described more fully below, Ms. LeSesne and Nas'cence Paralegal Service, LLC ("NPS") have acted and continue to act as bankruptcy petition preparers as that term is defined by 11 U.S.C. § 110.

19. As a BPP, Ms. LeSesne and NPS are "limited to performing only 'scrivener services' and thus limited to corresponding charges for such limited services." *In re Gross*, 2009 WL 2882828 (Bankr. E.D.Va. 2009). "Because a BPP can perform 'only the modest services of transcribing or typing bankruptcy forms that the debtor alone must prepare without assistance,' a BPP may only charge 'what professional typists or word processors would charge.'" *In re Doser (Scott v. U.S. Trustee),* 412 F.3d 1056, 1063 (9th Cir. 2005)(quoting *In re Bush*, 275 B.R. 69, 84, 85 (Bankr. D.Idaho 2002)).

20. As professional typists or word processors, it is well-settled law that the activities or services BPPs may engage in are limited to "meeting a prospective debtor, providing blank bankruptcy forms for the debtor to complete without assistance, typing the information on the bankruptcy forms without making any changes, copying the prepared documents for the debtor, and providing the original documents and copies to the debtor." *Gross* at \*5 (citing *In re Grahm*, 2004 WL 1052963 (Bankr. M.D. N.C. 2004)); *see also e.g., In re Wolfe*, 2012 WL 734151, at \* 1 (Bankr. N.D. W.Va. 2012); *In re Rojero*, 399 B.R. 913,

920 (Bankr. D. N.M. 2008); *In re Gaftick*, 333 B.R. 177, 188 (Bankr. E.D. N.Y. 2005); *In re Woodward*, 314 B.R. 201, 205 (Bankr. N.D. Iowa 2004); *In re Bonarrigo,* 282 B.R. 101, 107 (Bankr. D. Mass. 2002); *In re Bush*, 275 B.R. 69, 84-86 (Bankr. D. Idaho 2002); and *In re Gomez*, 259 B.R. 379, 386 (Bankr. D. Colo. 2001).

21. In connection with their activities as bankruptcy petition preparers, Ms. LeSesne and NPS have, among other things, charged and collected from debtors fees in excess of the value of services permitted to be rendered by a bankruptcy petition preparer.

22. In connection with their activities as bankruptcy petition preparers, Ms. LeSesne and NPS routinely and systemically violate the portions of 11 U.S.C. §110 that require the social security number of the individual who prepares the document for filing or, if the preparer is not an individual, then the printed name and social security number of an officer, principal, responsible person, or partner to appear on the document, by failing to provide any social security number to identify the individuals involved in the preparation.

23. In connection with their activities as bankruptcy petition preparers, Ms. LeSesne and NPS routinely and systemically violate the portions of 11 U.S.C. §110 that prohibit bankruptcy petition preparers from offering legal advice to potential bankruptcy debtors.

24. In connection with their activities as bankruptcy petition preparers, Ms. LeSesne and NPS routinely and systemically violate the portions of 11 U.S.C. §110 that prohibit bankruptcy petition preparers from using terms similar to "legal" in advertising.

25. In December, 2011, Ms. LeSesne agreed that she would not "draft or prepare and/or file any motions in connection with bankruptcy cases on behalf of any third party

unless and until I become an attorney licensed to file such motions." A copy of her agreement is attached hereto and incorporated herein as Exhibit B.

26. Ms. McFadden saw an advertisement for NPS and called the telephone number provided.

27. The telephone was answered by Ms. LeSesne.

28. Ms. McFadden explained that she needed help with filing bankruptcy but that she did not know which chapter to file.

29. Ms. LeSesne asked Ms. McFadden a number of questions about her financial affairs including whether Ms. McFadden owned any real property.

30. Ms. LeSesne explained the difference between a Chapter 7 and a Chapter 13 and told Ms. McFadden that based on her situation a Chapter 7 would benefit her.

31. Ms. LeSesne agreed to prepare bankruptcy documents for Ms. McFadden for a fee of $350.00.

32. On or about July 25, 2012, Ms. McFadden met James J. LeSesne at Panera Bread at Golden Ring Mall and paid him $350.00 in cash. A copy of a statement of services prepared by NPS and indicating the cash payment of $350.00 is attached hereto and incorporated herein as Exhibit C.

33. In exchange, Ms. McFadden was provided with a list of documents to procure and produce.

34. Ms. McFadden had difficulty obtaining the three credit reports requested.

35. Shortly after Ms. McFadden produced all the requested documents, Ms. McFadden met with James J. LeSesne at 101 W. Lombard Street on the 8th floor.

36. There, Ms. McFadden signed documents produced to her and followed directions to file same.

37. Ms. LeSesne and/or LPS prepared for filing, among other documents, a bankruptcy petition, schedules, statement of financial affairs, and means test form (the "Bankruptcy Documents") for Ms. McFadden.

## COUNT ONE
## Fraudulent or Deceptive Acts
## (11 U.S.C. § 110(i))

38. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 37.

39. Ms. LeSesne and/or LPS prepared the Bankruptcy Documents by extracting data contained in documents requested by Ms. LeSesne and/or LPS and provided by Ms. McFadden without input or direction from Ms. McFadden.

40. Ms. LeSesne and LPS chose the chapter of the filing without input or direction from Ms. McFadden.

41. Ms. LeSesne and LPS, without input or direction from Ms. McFadden, determined what property would be claimed as exempt and what code provision would support each claim of exemption.

42. This method of document preparation including data extraction from documents already in the possession of potential debtors or procured by potential debtors at the request of the preparer constitutes fraudulent and deceptive conduct within the provisions of 11 U.S.C. § 110(i)(1) because such extraction and placement of information on the Bankruptcy Documents requires the provision of legal advice which bankruptcy petition preparers are prohibited from providing by 11 U.S.C. § 110 (e)(2). "Solicitation of

information which is then translated into completed bankruptcy forms is the unauthorized practice of law . . . as is advising a debtor of the availability of particular exemptions or choosing those exemptions." *In re Reynoso*, 315 B.R. 544, 552 (9th Cir. BAP. 2004) citing, *In re Agyekum,* 225 B.R. 695,702 (9th Cir. BAP 1998); *In re Glad*, 98 B.R. 976, 978 (9th Cir. BAP 1989) and *In re Kaitangian*, 218 B.R. 102, 110 (Bankr.S.D.Cal.1998).

43. Ms. LeSesne and LPS's conduct in providing legal advice relating to the requirements of the bankruptcy documents and debtor's exemption rights constitutes fraudulent and deceptive conduct within the provisions of 11 U.S.C. §110(i)(1) because it amounts to the unauthorized practice of law. *In re Gross*, 2009 WL 2882828 (Bankr. E.D.Va. 2009) (citing *In re Springs*, 358 B.R. 236, 246 (Bankr. M.D.N.C. 2006) ("[A] petition preparer who engages in the unauthorized practice of law commits an unfair or deceptive act pursuant to Section 110(i) . . .")).

COUNT TWO
Unauthorized Practice of Law
(11 U.S.C. §§ 105; 110(e)(2); 110(i)(1))

44. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 43.

45. Section 110(e)(2) of Title 11 provides that a bankruptcy petition preparer shall not offer a potential bankruptcy debtor any legal advice, including but not limited to advice on whether to file a petition, which chapter of the bankruptcy code is appropriate, whether the debtor will be able to retain his or her home, car or other property, how to characterize the nature of the debtor's interests in property or the debtor's debts, or advice on bankruptcy procedure and rights.

46. In addition, this Court has the power to regulate the unauthorized practice of law before it under both §§ 105 and 110 of the United States Bankruptcy Code, as well as under its inherent powers as a unit of the United States District Court. *See Lucas v. Nickens (In re Lucas)*, 312 B.R. 559 (Bankr. D.Md. 2004).

47. Ms. LeSesne and NPS provided Ms. McFadden with legal advice of the type set forth above as well as legal advice concerning what information should be included in documents. Specifically, Ms. McFadden provided credit reports, paystubs, billing statements and tax returns to Mr. LeSesne, Ms. LeSesne and NPS and Ms. LeSesne and NPS determined what information would be extracted from those documents and placed on the Bankruptcy Documents and determined the manner in which the information would be placed on the Bankruptcy Documents.

48. The provision of such advice and manipulation of such data onto the bankruptcy forms constitutes the unauthorized practice of law and, as such, is prohibited conduct pursuant to 11 U.S.C. § 110(e)(2). *See*, *In re Bush*, 275 B.R. 69, 83 (Bankr. D. Idaho 2002) ("Mr. Wees does not merely type what the debtors elect to provide. . . . He manipulates their raw data into a form he believes comports with the requirements of law.")

COUNT THREE
Failure to Place Identifying Information on Documents Prepared
(11 U.S.C. § 110(c))

49. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 48.

50. For a fee of $350.00, Ms. LeSesne and NPS prepared and filed a bankruptcy petition and scheduled for Ms. McFadden (Doc. 1).

51. Ms. LeSesne and NPS violated 11 U.S.C. § 110(c) by failing to place on the document the social security number(s) of the individual(s) who prepared the document or of the officer, principal, responsible person or partner of the BPP.

### COUNT FOUR
### Improper Advertising
### (11 U.S.C. § 110(f))

52. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 51.

53. Ms. LeSesne and NPS are bankruptcy petition preparers who violated Section 110(f) by doing business as Nas'cence Paralegal Service, LLC.

### COUNT FIVE
### Excessive Fees
### (11 U.S.C. § 110(h))

54. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 53.

55. Section 110(h)(3) of Title 11 provides that the court shall disallow and order the immediate turnover to the bankruptcy trustee any fee received by the bankruptcy petition preparer that is found to be in excess of the value of the services rendered.

56. The Maryland Bankruptcy Court has held that a reasonable fee for BPP services is $100. *In re Frazier*, 2013 WL 654399 (Bankr. D. Md. Feb. 21, 2013); *In re Janell M. Gerard-Jones*, case no. 12-24455-DER (Doc 20, September 7, 2012).

57. Most courts nationally, including appellate courts, have similarly held that a reasonable fee for the limited services that BPPs may provide is between $40 and $170. *See, e.g., In re Doser* (*Scott v. U.S. Trustee*), 412 F.3d 1056, 1065 (9th Cir. 2005) (affirming bankruptcy court finding that $100 is a reasonable fee for "a simple straightforward

consumer Chapter 7 case"); *Hastings v. United States Trustee (In re Agyekum)*, 225 B.R. 695, 702 (9th Cir. BAP 1998) (affirming bankruptcy court's determination that a bankruptcy petition preparer fee could not exceed $125); *Gross* at * 5 (finding $160 is the appropriate fee for BPP scrivener services); *Moore* at 859 (finding $80 was a reasonable fee); *In re Rojero*, 399 B.R. 913, 920 (Bankr. D. N.M. 2008) (finding $170 was a reasonable fee); *In re Bonarrigo*, 282 B.R. 101, 107 (D. Mass. 2002) (finding $20 per hour or a total of $40 in the case at issue was a reasonable fee); *In re Moffett*, 263 B.R. 805, 816 (Bankr. W.D. Ky. 2001) (finding $20 per hour reasonable "with a maxim fee not to exceed $100 for all bankruptcy petition preparers); *In re Landry*, 250 B.R. 441, 446 (Bankr. M.D. Fla. 2000) (finding $50 was a reasonable fee); *In re Guttierez*, 248 B.R. 287, 298 (Bankr. W.D. Tex. 2000) (finding $50 was a reasonable fee); *In re Moran*, 256 B.R. 842, 850 (Bankr. D. N.H. 2000) (finding $150 or less a reasonable fee in a routine case); *In re Burdick*, 191 B.R. 529, 538 (Bankr. N.D. N.Y. 1996) (allowing $50 for services provided by a petition preparer reasonable); and *In re Codero*, 185 B.R. 882, 884 (Bankr. M.D. Fla. 1995) (finding $50 was a reasonable fee).

58. Ms. LeSesne and NPS charged Ms. McFadden $350 for services in this case.

59. "Once the reasonableness of the [p]etition [p]reparer's fee has been raised, the [p]etition [p]reparer bears the burden of proof to establish the reasonableness of the fee." *In re Hill*, 450 B.R. 885, 892 (9th Cir. BAP 2011). *See also*, *In re Frazier*, 2013 WL 654399, *3 (Bankr. D. MD. 2013) ("the burden of proving the reasonableness of a fee collected by a bankruptcy petition preparer rests upon the petition preparer"); *In re Springs*, 358 B.R. 236, 242 (Bankr. M.D. N.C. 2006) (same); *In re Haney*, 284 B.R. 841, 850 (Bankr. N.D. Ohio 2002) (same); *In re Bush*, 275 B.R. 69, 85 (Bankr. D. Idaho 2002) (same).

60. Based on Ms. LeSesne's fraudulent, unfair and deceptive conduct, her unauthorized practice of law, and her failure to comply with the disclosure requirements of Section 110, the value of her services in this case is $0.00.

61. Moreover, pursuant to Section 110(h)(3)(B), all of the fees in this case should be forfeited as a result of Ms. LeSesne's and LPS's failure to comply with subsections (c) and (e) of Section 110.

COUNT SIX
Injunction
(11 U.S.C. § 110(j))

62. The United States Trustee realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 61.

63. As set forth in this Complaint, Ms. LeSesne and LPS have repeatedly engaged in conduct in violation of various provisions of Section 110.

64. In addition, the LeSesne's and LPS's conduct is continual and longstanding as evidenced by Ms. LeSesne's December, 2011 agreement with the Office of the United States Trustee and her continual filings in this Court.

65. An injunction prohibiting Ms. LeSesne and her husband James J. LeSesne from violating the provisions of Section 110 would not be sufficient to prevent Ms. LeSesne from engaging in conduct that interferes with the proper administration of bankruptcy cases.

66. Pursuant to Section 110(j) it is appropriate to enjoin Ms. LeSesne and James J. LeSesne from acting as bankruptcy petition preparers and further from working, in any capacity, for a bankruptcy petition preparer.

WHEREFORE, the United States Trustee respectfully requests that this Court enter judgment in her favor, and jointly and severally against Defendants Arlita L. LeSesne, James J. LeSesne and Nas'cence Paralegal Service, LLC, as follows:

**A.** Counts One through Four (Damage Award Pursuant to Section 110(i)(1)) – Ordering Ms. LeSesne and/or Nas'cence Paralegal Service, LLC to pay to as a result of their fraudulent, unfair, and deceptive practices and their violations of Section 110(c), (e), and (f):

  i. To Ms. McFadden, Ms. McFadden's actual damages;

  ii. To Ms. McFadden, $2,000 (the greater of $2,000 or twice the amount paid by Ms. McFadden to Ms. LeSesne and Nas'cence Paralegal Service, LLC); and

  iii. To the United States Trustee, who moved for damages on behalf of the debtor under subsection (i), $1,000 plus reasonable attorneys' fees and costs in moving for damages under this section;

**B.** Counts Two through Five (Fines Pursuant to Section 110(l) for Violations of Sections 110 (c), (e), (f) and (h)) – Ordering Ms. LeSesne and Nas'cence Paralegal Services, LLC to pay fines to the United States Trustee in the amount of $2,000 ($500 for each violation of subparagraphs (c), (e), (f) and (h) of Section 110);

**C.** Count Five (Disgorgement of Excessive Fee Pursuant to Section 110(h)(3) and Section 110(h)(3)(B)) - Ordering the disgorgement and refund to Ms. McFadden of the entire $350 fee charged by Ms. LeSesne and Nas'cence Paralegal Service, LLC as excessive and, alternatively, as a result of Ms. LeSesne's and Nas'cence

Paralegal Service, LLC's failure to comply with various provisions of Section 110 including subsections (c), (e) and (f);

D.     Count Six (Injunction) – Entering an injunction prohibiting Arlita L. LeSesne and James J. LeSesne from:

    i. acting in any jurisdiction of the United States as a Bankruptcy Petition Preparer;

    ii. Accepting any fees, in any jurisdiction of the United States, for acting as a Bankruptcy Petition Preparer;

    iii. Otherwise participating in any form or fashion in any jurisdiction of the United States in the rendering of legal advice, consultation, consideration and/or preparation of any petition or document which is contemplated to be filed as or in a case under Title 11 of the United States Code; and

E.     Awarding such other and further relief as is just and proper.

Respectfully submitted,

Judy A. Robbins
United States Trustee, Region Four

Date: March 21, 2013          By: */s/ Katherine A. Levin*
Katherine A. Levin
Federal Bar No. 10658
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201
(410) 962-4300 Office Main
(410) 962-3537 Facsimile

Counsel for the United States Trustee